### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PATRICK W.,

                     Claimant,

        v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

                     Respondent.

No. 23 C 16481

Magistrate Jeffrey T. Gilbert

### MEMORANDUM OPINION AND ORDER

Patrick W.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner"), denying his application for disability insurance benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.[3]

### Background

Claimant applied for disability insurance benefits on October 11, 2016, alleging a disability onset date of July 12, 2012. (R.126). His application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*). After conducting a hearing at which

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 7].

Claimant and a vocational expert testified, the ALJ issued a decision on June 3, 2021, denying Claimant's application for benefits, and concluded he was not disabled under the Social Security Act. (R.126-40).

Claimant appealed to the Appeals Council, which granted review because the ALJ evaluated the medical opinion evidence under the wrong rules.[4] (R.143-44). The Appeal Council vacated the ALJ's decision and remanded the case back to the ALJ for further consideration under the correct rules. (*Id.*). The ALJ held a second hearing and issued another decision on August 2, 2023, again denying Claimant's application for disability benefits. (R.16-33). Claimant appealed to the Appeals Council for a second time. The Council denied review (R.1-6), leaving the ALJ's August 2, 2023 decision as the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

---

[4] Effective March 27, 2017, the Agency promulgated new regulations regarding the way evidence is to be considered when assessing a disability finding in cases like the one herein. A core tenet of the new rules is that the evidentiary weight assigned to specific medical opinions will not be assessed. Rather, the appropriate inquiry will be an assessment of the persuasiveness of the evidence as it relates to the record support for the findings made and/or the consistency of that evidence with the record as a whole. The new rules apply to all cases filed after March 27, 2017. In this case, Claimant filed his application on October 11, 2016 before the new rules were promulgated. Therefore, the opinion evidence should be evaluated under the old rules using the procedures described in 20 CFR 404.1527.

or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since July 12, 2012. (R.19). At step two, the ALJ found that Claimant has the severe impairment of obesity, cervical spondylosis, lumbar degenerative disc disease, and post-traumatic stress disorder. (R.19). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or equals a listed impairment. (R.19-20). At step four, the ALJ determined that Claimant has the RFC to perform medium work with certain limitations but was not able to perform his past relevant work. (R.21). At step five, the ALJ determined that based on Claimant's age, education, work experience, and RFC, there are jobs in the national economy that Claimant could perform, and therefore, he is not disabled. (R.31-32).

The court reviews the ALJ's decision deferentially and must affirm the decision if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, the court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

Claimant argues the ALJ failed to comply with 20 C.F.R. § 404.1527 in evaluating the medical opinion evidence. An ALJ must provide "good reasons" for the weight she affords to the opinion of a claimant's treating physician. 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion"); *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) (holding that an ALJ must provide a "sound explanation" for rejecting a treating source's opinion). Claimant asserts that the ALJ

failed to provide the requisite "good reasons" for discounting the opinions of Claimant's treating physicians—Dr. Rubenstein, Dr. Waeltz, Dr. Tresser, and Dr. Chaumont, who are all specialists in treating musculoskeletal impairments. (R.30). Claimant also argues the ALJ also failed to provide a sufficient explanation for assigning "great weight" to the opinion of the State agency consultant, Dr. Smith. (R.29-30).

The Court agrees with Claimant and focuses on the ALJ's discussion of Dr. Smith's opinion. When addressing Dr. Smith's opinion, the ALJ stated:

> In March 2019, a state agency medical consultant [Dr. Smith] opined that the claimant is capable of medium work except he could frequently climb and stoop. He should have avoided concentrated exposure to pulmonary irritants and hazards (Ex. 16F). This opinion is assigned great weight as it is supported by the overall record outlined above. The claimant was treated conservatively during the relevant time period, with medications and a medial branch block. There are no physical therapy records provided. He is stable on medications for quite some time before he exacerbates his pain with activities, which is then when he has the medial branch blocks. The records supports that he was capable of a range of medium work during the relevant time period.

(R.29-30). The above-quoted paragraph is the entirety of the ALJ's discussion of Dr. Smith's opinion and the reasons why she give his opinion "great weight." (R.29). The Court finds that explanation is woefully deficient and does not comply with the ALJ's obligations under 20 C.F.R. § 404.1527. The ALJ stated that Dr. Smith's opinion was "supported by the overall record outlined above," but the ALJ did not any specific medical evidence that actually supported Dr. Smith's opinion. (R.29). The Court is left in the dark about what medical evidence the ALJ is referring to that purportedly supports Dr. Smith's opinion, and the Court cannot, and will not, speculate.

For example, the regulations provide that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). However, there is nothing in the record that the ALJ discussed in her decision that addressed Claimant's ability to lift up to 50 pounds. In fact, the only evidence in the record that the ALJ discussed relating to how much weight Claimant can lift is opinions from two of Claimant's treating physicians. Specifically, the ALJ noted that Dr. Rubenstein included restrictions for "no repetitive lifting" and "no lifting to waist level more than 10 pounds," and Dr. Waeltz limited Claimant to "permanent light-duty restrictions of no lifting over 30 pounds and no repetitive bending." (R.30). The Court recognizes that the ALJ rejected those opinions, but those opinions contain the only evidence in the record the ALJ discussed in her decision that specifically addressed Claimant's lifting capabilities.

The Court notes that the ALJ also mentioned Claimant's conservative medical treatment, lack of physical therapy records, and stability on medications as other reasons for giving Dr. Smith's opinion "great weight." (R.29-30). These additional reasons, however, do not address Claimant's specific work-related limitations and, in particular, the ALJ's reliance on Dr. Smith's opinion to conclude that Claimant has the ability to lift up to 50 pounds and to perform medium work. The ALJ does not cite to any specific objective evidence to support that conclusion. Because the Court cannot connect the dots from the evidence to the ALJ's conclusion as to how Dr. Smith's opinion for medium work is supported by the record, remand is required.

6

The Court also is troubled by the ALJ's failure to address Dr. Smith's specialty as a gastroenterologist as compared to Claimant's treating physicians who include an orthopedist and pain management specialist. Also, Dr. Smith checked a box that stated the file contained no medical source statements regarding Claimant's physical capabilities (R.913), which the Commissioner does not dispute and concedes was erroneous. Commissioner's Brief [ECF No. 21], at 6-7. Instead, the Commissioner argues that Dr. Smith's erroneous checkbox does not undermine his opinion because he independently reviewed the medical evidence. The Court disagrees.

Social security regulations are clear that an ALJ must consider a State agency consultant's familiarity with the opinions of the claimant's treating physician(s) when assigning weight. *See* 20 C.F.R. § 404.1527(c)(3) (requiring State agency consultants to "evaluate the degree to which [their medical opinion] consider all of the pertinent evidence in [the claimant's] claim, including medical opinions of treating and other examining sources"). Here, the ALJ did not discuss how Dr. Smith evaluated the opinions of Claimant's treating physicians, nor could she. (R.29-30). Taking Dr. Smith's Physical Residual Functional Capacity Assessment at face value (R.908-13), Dr. Smith checked the box "No" to the question "Is a medical source statement(s) regarding the claimant's physical capabilities in the file?" (R.913). This is an important criterion the ALJ failed to consider in her decision and is another reason why this case must be remanded. *See Kaminski v. Berryhill*, 894 F.3d 870, 875 (7th Cir. 2018) (finding that an ALJ's failure to consider the relevant regulatory criteria in weighing medical opinions warranted remand). Because Dr. Smith is the only

opinion evidence on which the ALJ relied when formulating Claimant's RFC, Dr. Smith's failure to consider or discuss the opinions of Claimant's treating physicians is not a harmless error nor is the ALJ's failure to discuss Dr. Smith's gastroenterology specialty, which the Court finds particularly egregious in the context of this case. This case, therefore, must be remanded.

Because the Court has concluded that remand is required, it need not address Claimant's remaining arguments. The Court, however, encourages the ALJ to review her obligations under to 20 C.F.R. § 404.1527 in connection her evaluation of the opinion evidence in this record and, in particular, to address all the factors set forth in 20 C.F.R. § 404.1527(c) when evaluating Claimant's treating sources. The Court expresses no opinion about the decision to be made on remand but encourages the ALJ provide a more fulsome explanation about how she evaluates the all of the medical opinion evidence in this case and specifically what objective record evidence supports her conclusions.

### Conclusion

For the reasons set forth above, the Court grants Claimant's request to reverse the Commissioner's decision [ECF No. 16]. In accordance with the fourth sentence of 42 U.S.C. § 405(g), the Court remands this case to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 26, 2026